## DAVIS v. JACOBSON et al.

(Supreme Court, Appellate Term. March 5, 1909.)

1. BROKERS (§ 84\*)—ACTIONS FOR COMMISSIONS—BURDEN OF PROOF.

In an action for commissions for procuring two lessees for certain premises, plaintiff must prove his cause of action, regardless of how few witnesses are produced by defendant.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 104, 105; Dec. Dig. § 84.\*]

2. BROKERS (§ 86\*)—ACTIONS FOR COMMISSIONS—SUFFICIENCY OF EVIDENCE.

In an action for commissions for procuring lessees for certain premises, evidence *held* insufficient to show any value of plaintiff's services.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.\*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Jacob Davis against Ferdinand Jacobson and another for commissions for procuring two lessees for certain premises. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

See, also, 110 N. Y. Supp. 1075.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Philip J. Knobloch, for appellants.
Matthias Radin, for respondent.

PER CURIAM. It is noted by the learned trial justice that the defendants did not produce, on the latest trial of this action for procuring two lessees for certain premises, two witnesses whom they had at the first. Be, however, the defendants' witnesses fewer, or more, or none at all, the plaintiff had the same obligation to prove his alleged cause of action, and this his evidence did not accomplish. No lease was executed between the parties, nor could a skillful scrivener, taking all said by and for the plaintiff, draw a lease and say that it contained the terms and particulars agreed upon by the parties. Sherry v. Proal, 125 App. Div. 508, 109 N. Y. Supp. 1008. Assuming the persons whom the plaintiff produced were willing to become lessees, they offered no evidence to show they were able to pay the rentals. Nothing said of their occupations or resources or expectations indicates their need of such premises, or their ability to pay for them. It is more than doubtful whether they could scrape together enough to pay the deposit. If they could do that only, it would be only for speculative hawking, disparaging the property. There is no proof of the value of the services professed to have been rendered, save the statement of the plaintiff himself, who, asserting he had been in the real estate business 10 or 11 years, could only say of sales: "I sold one property. I made $4,000 commission"—and of leasing could only tell of one parcel he had leased and received com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mission on, 6 or 7 years ago. That was no proof at all. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.